UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN A. VELEZ,

                    Plaintiff,

          -against-

CITY OF NEW YORK,

                    Defendant.

26-CV-0229 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. §§ 1981(a), 1983, and 1985-86, alleging that Defendant City of New York violated his rights by conspiring with unidentified private individuals to harass and otherwise harm him. By order dated February 3, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff names the City of New York as the only defendant, and he attributes acts in the complaint to "Defendant," without specifying whether it was natural persons employed by the City of New York who committed the conduct alleged in the complaint, and if so, who they were or what agency they worked for. While the allegations in the complaint are largely circular, conclusory, and borderline incomprehensible at times, the Court nevertheless understands Plaintiff to allege the following, all of which is drawn from the complaint.[1]

Since moving to Manhattan in August 2024, Plaintiff has been "the random victim in a countless number of [ ] incidents," including "assaults, non-stop battery, non-stop intimidational threats to the plaintiff, retaliations, non-stop harassments, discriminations, severe color of law abuses, obstructions of justice, non-stop invasions of plaintiff's personal privacy, verbal and

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

graffiti abuses, non-stop stalkings, and non-stop theft of plaintiff's intellectual property." (ECF No. 1, at 3.) This includes "incendiary devices toward the plaintiff, shoving the plaintiff onto ongoing traffic, [and] attacking the plaintiff with a deadly weapon." (*Id*.) He adds that "[t]he defendant has consistently committed intentional actions on the plaintiff" (*id*. at 4), but Plaintiff provides no details.

Plaintiff states that when he moved to Manhattan in August 2024, Defendant "immediately began to discriminate against the plaintiff, immediately began to intimidate and harass and threaten the plaintiff, and immediately began to misuse his property and misuse their own equipment to invade his privacy and commit wrongdoings on him." (*Id*. at 7.) He asserts that when he moved to Manhattan, unidentified private persons, who were strangers to him, knew where he resided, knew of his planned movements, and harmed him in unspecified ways. (*Id*.) He concludes: "They have continuously done so while resembling extreme government relationships as private groups of individuals, while repetitively not showing any repercusssional fear whatsoever for their repetitive torts on the plaintiff." (*Id*. at 8.)

Plaintiff next alleges that on October 1, 2024, Plaintiff attempted to seek legal advice about the alleged harassment by calling an attorney on a cell phone. He suggests that the device either malfunctioned or was sabotaged by unidentified persons, causing "severe bodily and auditory effects," including tinnitus. (*Id*. at 9.) He does not appear to attribute this malfunction or sabotage to any particular person or entity.[2]

Plaintiff explains that on January 6, 2026, he attempted to report these issues to the Federal Bureau of Investigation ("FBI"), which allegedly took no action other than threatening

---

[2] The Court notes, however, that Plaintiff appears to be pursuing product-liability claims related to this cell phone injury, in this court, against the manufacturer. *See Velez v. One Plus Technology (Shenzhen) Co., Ltd*., No. 25-CV-2432 (RA) (HJR).

him in unspecified ways. (*Id*. at 9-10.) Two days later, Plaintiff allegedly tried reporting these matters to the New York City Police Department ("NYPD") by speaking with NYPD staff in its Fifth Precinct stationhouse, but unidentified police officers allegedly intimidated, threatened, harassed, and discriminated against Plaintiff, although Plaintiff again provides no details setting forth what those officers allegedly did. (*Id*. at 10.) He further suggests that unidentified NYPD officials were monitoring Plaintiff's movements before his arrival at the Fifth Precinct stationhouse and "anticipated the plaintiff's arrival only for the purpose of committing wrongdoings on him." (*Id*. at 11.) Again, Plaintiff provides no details about either of these incidents other than labeling them as harassment and discrimination by unidentified persons.

Although the sequence of events is difficult to follow, Plaintiff next appears to allege that on January 8, 2025, he attempted to file a police report with Officer Acostaperalta, who apparently did not take Plaintiff's complaints seriously and stopped listening to him. (*Id*. at 13.) By the end of the encounter, Officer Acostaperalta apparently concluded that Plaintiff had been the subject of harassment under the New York Penal Law, but Plaintiff disputed that conclusion and argued that more serious charges against the unidentified persons were warranted. (*Id*.) At some point over the next week, between January 8, 2025 and January 15, 2025, "the private group of individuals" shoved Plaintiff into traffic. (*Id*.) Plaintiff appears to attribute the alleged conduct of "the private group of individuals" to Officer Acostaperalta's failure to take his complaints seriously. (*Id*. at 14-15.) Plaintiff adds that on April 1, 2025, he attempted to file another police report with the NYPD, but unidentified NYPD officers responded by harassing and taunting him with gay slurs. (*Id*. at 17.)

Plaintiff next alleges that on April 7, 2025, he attempted to travel to the Office of the New York City Comptroller, presumably to submit a notice of claim regarding the incidents

described above. (*Id*. at 18.) He states that the NYPD was aware of his intent to submit a claim to the Comptroller and twice attempted to intercept him "with the intentional purpose of violating his rights, and with the intentional purpose of causing damages to him." (*Id*. at 19; *see also id*. at 19-20.)

Plaintiff explains that months later, "the private group of individuals" attacked him "with a deadly weapon." (*Id*. at 21-22.) He reported the incident to the NYPD, who allegedly took his report and characterized the incident as an assault. (*Id*. at 22.) Plaintiff returned to the Fifth Precinct stationhouse a couple of weeks later and attempted to file another report about an unspecified incident. (*Id*.) During this encounter, Officer Faulker allegedly threatened Plaintiff, but Plaintiff provides no details about what Officer Faulker allegedly said or did that constituted a threat. (*Id*.)

Plaintiff next alleges that at some point between August 28, 2024 and December 2025, he "contacted a lawyer and was then sent to the hospital." (*Id*. at 25.) He does not explain any connection between his hospitalization and his attempt to seek legal representation, and he does not attribute his hospitalization to any person or entity. (*Id*.)

Plaintiff concludes that Defendant and "the private group of individuals" have committed "more than 100 torts" against him, but he again does not provide details about any of them. (*Id*.) He demands injunctive, declaratory, and monetary relief. (*Id*. at 32.)

## DISCUSSION

### A.    42 U.S.C. § 1983

Plaintiff asserts claims under 42 U.S.C. § 1983 and names the City of New York as the sole defendant. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was

5

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff's Section 1983 claim against Defendant fails for multiple reasons. First, the complaint fails to comply with Rule 8 because Plaintiff fails to include facts showing that his claim is plausible. *See Iqbal*, 556 U.S. at 678-79. Instead of providing factual allegations showing who harmed him and how they did so, Plaintiff relies almost exclusively on labels and "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions that the Court need not accept at the pleading stage. *Id*. at 678. For instance, Plaintiff does not explain what any municipal employee or any private individual actually did and how those actions violated his rights. Rather, he simply concludes that they "harassed" him and "discriminated" against him without providing any well-pleaded facts to support those conclusions. *See Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022) (A "[p]laintiff's beliefs − however strongly he may hold them − are not facts."); *Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

Second, those discrete portions of the complaint that do include well-pleaded allegations do not support an inference that any person or entity violated Plaintiff's constitutional rights. Plaintiff alleges that on multiple occasions, NYPD officers failed to adequately investigate his allegations of harm by "the private group of individuals" and did not issue criminal charges

against them that were serious enough to satisfy Plaintiff. He contends that these officers, by failing to adequately investigate his complaints, caused private parties to harass him, although he does not explain the causal connection between the two events. The Court construes these allegations as alleging that Defendant violated his rights under the Due Process Clause of the Fourteenth Amendment. That claim cannot succeed, however, because there is no federal constitutional duty that requires a government official to investigate or protect an individual from harm, except in rare circumstances not present here. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *see, e.g.*, *Gong v. Sarnoff*, No. 23-CV-343, 2024 WL 3638335, at *7 (S.D.N.Y. Aug. 1, 2024) (Liman, J.) ("It is settled that the State has no general Due Process obligation to ensure the safety, care, and protection of individuals who are not in its custody. Also, [i]t is well established that [t]here is no constitutional right to an investigation by government officials." (internal quotation marks and citations omitted, alterations in original)). Plaintiff therefore fails to allege a violation of his constitutional rights.

Third, even if Plaintiff had alleged a violation of his constitutional rights, he fails to set forth facts suggesting that Defendant City of New York—the only defendant he names in the complaint—was the "moving force" behind the constitutional violation. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,*

436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997); *Jones v. Town of East Haven,* 691 F.3d 72, 80 (2d Cir. 2012).

> A plaintiff may satisfy the policy or custom requirement by alleging one of the following:
>
> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

In the complaint, Plaintiff neither alleges the existence of any municipal policy, widespread practice, or custom, nor that any such municipal policy, practice, or custom caused a violation of his rights. He has therefore failed to state a claim against Defendant under Section 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff chooses to pursue his Section 1983 claims in an amended pleading, he must: (1) set forth facts showing that his constitutional rights were violated, (2) name as defendants any persons or entities who caused the violation of his constitutional rights, and (3) if he intends to pursue a Section 1983 claim against Defendant City of New York, set forth facts showing that a municipal policy, widespread practice, or custom was the moving force behind the violation of his constitutional rights.

**B.      42 U.S.C. § 1981**

To the extent Plaintiff seeks to bring claims under 42 U.S.C. § 1981 against Defendant City of New York that are separate from his claims under Section 1983, the Court dismisses those claims. This is because "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of rights guaranteed in § 1981 by state governmental units." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989); *see Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) (holding "that § 1981 does not provide a separate private right of action against state actors"). The Court therefore dismisses any claims Plaintiff seeks to assert under Section 1981 against Defendant, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Similarly, Section 1981 provides for individual liability only. *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) ("In order to make out a claim for individual liability under § 1981, 'a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action. . . . [P]ersonal liability under section 1981 must be predicated on the actor's personal involvement." (quoting *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000)). To the extent that Plaintiff seeks to assert Section 1981 claims against persons who are not state actors, such as the "private group of individuals" who he alleges harassed and intimidated him, he does not name any of these individuals as defendants. Accordingly, if Plaintiff wishes to pursue Section 1981 claims in an amended pleading, he must name as defendants the individuals who denied him "the full and equal benefit of all laws and proceedings" on the basis of race or color and explain what actions these persons took to discriminate on the basis of race or color. 42 U.S.C. § 1981(a); *see Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 474 (2006).

9

**C.    42 U.S.C. §§ 1985-86**

Plaintiff also asserts claims that Defendant engaged in a conspiracy to violate his federal civil rights, which would be actionable under 42 U.S.C. §§ 1985(3) and 1986. The Court first considers Plaintiff's claim under Section 1985(3).

To state a claim under Section 1985(3), a plaintiff must show the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)).

Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g.*, *Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order). To maintain an action under Section 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted).

Plaintiff fails to state a claim for conspiracy under Section 1985. Plaintiff alleges no specific, nonconclusory facts suggesting that Defendant or anyone else entered into an agreement to deprive Plaintiff of his civil rights or took any overt act directed towards those ends. He also fails to set forth any facts suggesting that Defendant's conduct was motivated by Defendant's animus on the basis of Plaintiff's race, color, or other protected characteristic. The Court therefore dismisses Plaintiff's claims under Section 1985 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1986 provides a cause of action against anyone who, "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Mian*, 7 F.3d at 1088 (quoting *Katz v. Morgenthau*, 709 F. Supp. 1219, 1236 (S.D.N.Y. 1989), *aff'd in part and rev'd in part on other grounds*, 892 F.2d 20 (2d Cir. 1989)). Thus, a Section 1986 claim must be predicated upon a valid Section 1985 claim. *Id.* (citing *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978)).

As discussed above, Plaintiff has failed to state a valid conspiracy claim under Section 1985, which is a mandatory predicate for a claim under Section 1986. The Court therefore dismisses Plaintiff Section 1986 claims for failure to state a claim, with 30 days' leave to replead, consistent with the standards set forth above. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.      Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under 42 U.S.C. §§ 1981, 1983, and 1985-86, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims, consistent with the standards set forth above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    February 4, 2026
          New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                    U.S.D.J.

12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
       (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
           (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name           Middle Initial         Last Name

_____
Street Address

_____
County, City                  State         Zip Code

_____
Telephone Number         Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

Defendant 2:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

Defendant 3:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

Defendant 4: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

Page 6

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

  If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7